UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SAIDA DIAZ,

                        Plaintiff,

   -against-

SLR MANAGEMENT SERVICES, INC.,
and RAUL AGUILAR,

                       Defendants.

-----------------------------------------------------------X

Civil Case No:

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

PLAINTIFF SAIDA DIAZ, by and through her attorneys DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants SLR MANAGEMENT SERVICES, INC. and RAUL AGUILAR, upon information and belief as follows:

### NATURE OF CASE

1. Plaintiff DIAZ complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), New York State, and New York City law and seeks damages to redress the injuries Plaintiff suffered as a result of unlawful discrimination and retaliation, together with a hostile work environment.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over the Title VII claim pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the related New York State and New York

City causes of action asserted in this complaint pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because the events or omissions which gave rise to the claims asserted herein occurred within this Court's jurisdiction.

5. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

6. At all times material, Plaintiff SAIDA DIAZ ("Plaintiff" or "DIAZ") was and is a female and residence of Queens County, New York.

7. At all times material, Defendant SLR MANAGEMENT SERVICES, INC. was and is a domestic business corporation, duly existing by the virtues and laws of the State of New York.

8. At all times material, the above mentioned corporate entities ("Defendants") were joint employers of Plaintiff.

9. At all times material, Defendant RAUL AGUILAR ("AGUILAR") held supervisory authority over Plaintiff.

## STATEMENT OF FACTS

10. In or around June of 2005, Defendants hired Plaintiff as a Medical Biller.

11. In or around 2006, Defendant AGUILAR became Plaintiff's immediate supervisor.

12. In or around 2006, Defendants' employee WILMA THOMAS ("THOMAS") offered Defendants' Supervisor AGUILAR a piece of gum. AGUILAR responded "I want

[Plaintiff's] gum from her mouth." Plaintiff was extremely uncomfortable.

13. In or around 2007, Defendant AGUILAR demanded Plaintiff come into his office. Within, AGUILAR asked Plaintiff how to "spice up" his marriage. Plaintiff did not respond. AGUILAR then stated "I like when my wife wears miniskirts when we go out to a bar. That makes me very excited." AGUILAR then asked again, "Do you have any suggestion?" Plaintiff did not respond and simply left AGUILAR's office.

14. In or around 2008, upon information and belief, Defendants' employee THOMAS complained that Defendant AGUILAR was sexually harassing her.

15. Throughout 2016, Defendants' Supervisor AGUILAR would repeatedly sneak up behind Plaintiff and rub her shoulders. Each separate occasion, Plaintiff would shake AGUILAR hand's off her body and demand that he stop touching her. AGUILAR would then tell Plaintiff, among other things, "Smile more," "Why are you so serious?" "Why don't you smile more?"

16. Throughout 2016, Defendants' Supervisor AGUILAR, Plaintiff, and Defendants' employees would eat lunch together. During lunch, Defendants' employees would share detailed, sexually explicit stories. Defendants' Supervisor AGUILAR allowed, encouraged, and participated in the inappropriate conversation.

17. Throughout 2016, Defendants' Supervisor AGUILAR would ask Plaintiff, among other things, "Are you in a relationship? I never hear you participate in our lunch conversations about sex," "What's the matter with you?" and "What is wrong with you?" Plaintiff would respond "I do not feel comfortable sharing sexual things with you." AGUILAR would then repeatedly ask Plaintiff what was wrong. AGUILAR's actions made Plaintiff extremely uncomfortable.

18. On or about December 2, 2016, Plaintiff went into Defendants' Supervisor AGUILAR's office to ask him about a potential job opportunity with Defendants. AGUILAR refused to discuss job opportunities. Instead, AGUILAR told Plaintiff "I'm very stressed. Somebody told me that I need an affair." AGUILAR then told Plaintiff "I need to go out for a drink, my wife doesn't like to do anything."

19. Defendants' Supervisor AGUILAR then asked "Can I ask you a private question? Would you ever go out with a married man? My friends all go out with younger girls, but I like older women." Plaintiff was in complete disbelief and did not know how to respond. AGUILAR then stated "I had a friend before and she was a nymphomaniac, I couldn't keep up with her! Do you have any experience like that?" Plaintiff then made it clear that (i) she did not appreciate the conversation; (ii) that she did not like to share such personal details about her life; and (iii) asked to return to her work. AGUILAR simply replied "I feel really good talking to you about these things because you're very serious and there's always a wall between me and you." Plaintiff was extremely uncomfortable.

20. On or about December 5, 2016, Defendants' Supervisor AGUILAR wrote Plaintiff a text message and stated "when do you want to continue the conversation [on adultery]?" Plaintiff was extremely uncomfortable by AGUILAR's constant broach of sexual topics.

21. On or about December 8, 2016, Plaintiff told Defendants' Supervisor AGUILAR she had to leave work early for a doctor's appointment. AGUILAR simply responded "do you miss me?"

22. On or about December 14, 2016, Plaintiff wrote Defendants' Supervisor AGUILAR asking to speak with him. AGUILAR simply responded "CUM." Plaintiff was disgusted.

23. On December 19, 2016, Defendants' Supervisor AGUILAR demanded Plaintiff come to

his office. Within, AGUILAR asked Plaintiff if she wanted to be promoted. Plaintiff answered yes. AGUILAR then lectured Plaintiff, stating "if you want to succeed in life you need to make sacrifices, you should stay late and work with me, that's the way you'll show me that you want to get a promotion." Plaintiff asked how late, to which AGUILAR responded 9 or 10 PM. AGUILAR then stated "but, we can grab dinner and drinks and then come back to work." Plaintiff, disgusted that AGUILAR was attempting *quid pro quo* sexual harassment, ask AGUILAR why he did not proposition other employees like this. AGUILAR simply responded "I guess that means you want to be in the unemployment line." Plaintiff left in tears, shaken and disturbed.

24. The following two weeks thereafter, Defendants' Supervisor AGUILAR refused to speak to Plaintiff and isolated Plaintiff from her group of co-workers.

25. In or around January of 2017, Defendants' Supervisor AGUILAR terminated Plaintiff. AGUILAR did not give Plaintiff a reason for the termination.

26. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

27. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

28. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

29. The above are just some of the examples of unlawful, discriminatory, and retaliatory

conduct to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
## [NOT AGAINST INDIVIDUAL DEFENDANTS]

30. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

31. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…"

32. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

33. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein because of Plaintiff's sex, together with subjecting Plaintiff to a hostile work environment.

34. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII
## [NOT AGAINST INDIVIDUAL DEFENDANTS]

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

37. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

38. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## DISCRIMINATION

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

40. New York State Executive Law § 296 provides that: "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an

individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

41. Defendants violated the section cited herein by discharging Plaintiff, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's sex.

## AS A FOURTH CAUSE OF ACTION UNDER STATE LAW
### AIDING & ABETTING

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

44. Defendants participated in, aided, abetted, and encouraged Defendants' employee to unlawfully harass and retaliate against Plaintiff.

45. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION UNDER STATE LAW
### RETALIATION

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

47. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

48. Defendants engaged in unlawful employment practices prohibited by § 296(7) by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

### AS A SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

50. The Administrative Code of the City of New York § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

51. Defendants engaged in an unlawful discriminatory practice and violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her gender, together with

harassment and causing a hostile work environment based on same.

52. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New York City Administrative Code Title 8.

53. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

55. The New York City Administrative Code Title 8, § 8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

56. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1) (e) by discriminating and retaliating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

57. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

59. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be

unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

60. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

61. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A NINTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

63. New York City Administrative Code Title 8-107(19) provides that: "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

64. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

66. New York City Administrative Code Title 8-107(13)(b) provides that: "An employer shall

be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where; (i) the employee or agent exercised managerial or supervisory responsibility; (ii) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (iii) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

67. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: April 10, 2018
      New York, New York

                                **DEREK SMITH LAW GROUP, PLLC**

                          By: _____
                               Alexander G. Cabeceiras, Esq.
                               One Penn Plaza, Suite 4905
                               New York, New York 10119